UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DONALD R. JACKSON, | ) | NO. CV 13-1897-CAS(E) |
| Petitioner, | ) | |
| v. | ) | ORDER OF DISMISSAL |
| MR. MATTHEW CATE, etc., et al., | ) | |
| Respondents. | ) | |

On December 21, 2012, Petitioner filed a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" ("the Petition") in the United States District Court for the Eastern District of California. By Order filed January 3, 2013, the Eastern District ordered the Petition transferred to the Central District of California. The Central District received a transfer of the Petition on March 18, 2013.

The Petition challenges Petitioner's 1985 Compton Superior Court conviction. Petitioner previously challenged this same conviction in a prior habeas corpus petition filed in this Court. See Jackson v.

Ratelle, CV 88-2338-RSWL(E).  On June 30, 1988, this Court entered Judgment in Jackson v. Ratelle, CV 88-2338-RSWL(E), denying and dismissing the prior petition on the merits with prejudice.

   The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996").  Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the Court of Appeals.  See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced").  A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b).  See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008).  Section 2244(b) applies even where, as here, Petitioner's initial habeas petition preceded the effective date of the "Antiterrorism and Effective Death Penalty Act of 1996." See Cooper v. Brown, 510 F.3d 870, 917 (9th Cir. 2007), cert. denied, 130 S. Ct. 749 (2009); United States v. Villa-Gonzalez, 208 F.3d 1160, 1163-64 (9th Cir. 2000).  Petitioner evidently has not yet obtained authorization from the Ninth Circuit Court of Appeals.  Consequently, this Court cannot entertain the present Petition.  See Burton v.

Stewart, 549 U.S. at 157; see also Dews v. Curry, 2008 WL 590476, at *3 (E.D. Cal. Feb. 29, 2008) (without Court of Appeals' authorization, "this court lacks jurisdiction to consider the petition").[1]

For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 1, 2013.

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

PRESENTED this 27th day of March, 2013, by:

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[1] This Court rebuffed a previous attempt by Petitioner to bring a "second or successive" petition challenging his 1985 Compton Superior Court conviction. See Jackson v. Newland, CV 99-5015-NM(E).

3